# APPENDIX.

*In the matter of J. KAKINA, District Judge of Hanalei, Kauai.

COMPLAINT FOR MALFEASANCE.

MARCH 1878.

HARRIS, C. J.; JUDD and McCULLY, JJ.

Alleged malfeasance of a District Judge, in a case between Master and Servant, considered, and the complaint dismissed.

Errors of judgment are not matters which should be held as good cause for removal of a magistrate; but a continued career of gross judicial mistakes might establish the fact of his unfitness for the position and be good cause for removing him.

The Statute of 1866 provides that any District Justice against whom a complaint may be made by the Attorney-General or a Governor, may, for a good cause shown, be removed from office. These proceedings are in the nature of an impeachment of a judicial officer and a judgment against him would revoke his commission. Upon what grounds should such proceedings be sustained? The respondent as a judicial officer is empowered to decide the cases that come before him according to his judgment of the facts and the law, and these decisions, if erroneous, can be corrected upon appeal. But errors of judgment are not matters which should be held as good cause for removal, for no man is infallible. The statute does not mean that the tenure of office of the District Justices should be dependent upon whether they shall always form opinions and render judgments which this Court would sustain.

A continued career of gross judicial mistakes might establish the fact of a Magistrate's unfitness for the position and be good

---

*Not hitherto reported.

cause for removing him, although such incompetency for office is intended to be corrected by the term of office being but for two years. In this complaint, Mr. John Ross, a master employing contract laborers on Kauai, complains of the refusal of the magistrate to amend a warrant which had been issued and served upon one of his laborers for deserting his service (haalele hana). The magistrate was proceeding to try the laborer on that charge when he was requested to amend it to a charge of refusing to obey an order or of being "nuha" (or stubborn) as the Hawaiians express it. Now an amendment of a process if allowable at all is allowed in the discretion of the Court. In this case the magistrate doubted the legality of the amendment, and tried the case as first presented and gave judgment against the laborer, that is, he gave the master substantially what he required, the judgment of his Court enforcing the contract. It seems to us that the magistrate did not intend to decide that refusing to obey the lawful commands of the master, according to the terms of the contract, was not punishable, but that *stubbornness* was not. Mr. Ross, however, understood him differently. We fail to see in this any ground of impeachment.

In the next instance it appears that another laborer resorted to the magistrate complaining of an assault and battery by Mr. Ross and showing a recent wound on his face. On this Ross was cited by the magistrate to show cause why the laborer should not be discharged from his obligations of service on account of the alleged misusage of his employer.

For the convenience of the master the trial was set two days subsequently, which resulted in a judgment sustaining the complaint and dissolving the contract. It is not made a ground of impeachment that this judgment was erroneous and not sustained by the facts presented to the magistrate. The master thereupon took an appeal and asked of the magistrate a warrant to arrest the servant for deserting his service during the two days that intervened between the assault and the trial. This warrant the magistrate refused to issue, judging that the time necessarily taken in a resort to the Courts of the country (lengthened at the request of the master) to obtain justice in a matter which the magistrate had just decided to be a substantial ground of complaint was not a

willful desertion of his master's labor; and considering that as the Court had dissolved the contract to labor, it would not be just to compel a man to continue the same labor under a judicial sentence by reason of any appeal. We consider the action of the magistrate, in this particular, just and proper, and that no other course could have been approved. It appears that the master asked the magistrate to order the laborer to give security that he would appear at the appellate Court and return to his employment if the judgment should be reversed, or, failing that, he be ordered to remain in his service until the appeal should be heard. The magistrate finding no statute authorizing this, declined to make such an order.

No Court ought to give an order of which he would be unable to compel the enforcement. If he had given the order that such a bond should be given and the laborer be unable or unwilling to give it, what could the magistrate do with him in such case? Certainly not send him back to the very service from the obligations of which he had absolved the laborer.

We have thus examined and passed on each of the several points in this complaint and have found in none of them any good ground or any ground at all for revoking the commission of this magistrate. With the information before us it appears that his course was legal and not injudicious. This involves no opinion of ours as to the propriety of the finding that the assault was a good cause for abrogating the contract, for the facts in the case are not before us and, as we have remarked, that judgment is not laid as malfeasance. The masters and servants statutes are of great service to the industries of the country but it must ever be borne in mind that they are not intended to be an instrument of hardship or oppression.

The law gives the master its aid by penal enforcements, in support of a contract to do certain labor for a stated term. It compels the laborer to serve substantially as he has legally contracted to serve, but it cannot be understood that the law is to be invoked upon every occasion when in the master's opinion the servant has fallen short of the requirements of a good servant; if he has been not prompt in obedience, or has been disrespectful, or slothful, or tardy at his work. The desertion of service contemplated by

statute is a willful desertion, that is, a desertion with intention to desert. Not every absence from labor comes within this description. The *quo animo* is an element in the case to be shown by circumstances and to be considered in a question of desertion, and likewise the refusal to obey must appear to be a willful determination to violate the terms and conditions of service.

Thus while the law will substantially enforce the contract, on both parts, it is not to be invoked to maintain the special discipline which any master may wish to have observed on his place. It cannot be expected to make good servants out of poor material. If the master have contracted with men who are averse to labor, he must depend on his own skill in the management of men to make them good servants.

The information is dismissed.